

## NUMBER 13-08-00699-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MICHAEL ANTHONY BRASFIELD,**                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

**On appeal from the 36th District Court of San Patricio County, Texas.**

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Justice Yañez

Appellant, Michael Anthony Brasfield, pleaded guilty in 2007 to one count of aggravated sexual assault, a first-degree felony.[1]  The trial court deferred adjudication, placed appellant on community supervision for five years, and ordered him to pay a fine of $1,500 and court costs.  In September 2008, the State filed a motion to revoke, alleging various violations of the terms of his community supervision.  Appellant answered "true"

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008).

to some of the violations, and "not true" to others. Following a hearing, the trial court adjudicated him guilty and sentenced him to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals the revocation of his community supervision.[2]

Appellant's appellate counsel, concluding that "the appeal in this cause is frivolous and without merit," filed an *Anders*[3] brief, in which she reviewed the merits, or lack thereof, of the appeal. We modify the judgment, and as modified, affirm.[4]

## I. DISCUSSION

Pursuant to *Anders v. California*,[5] appellant's court-appointed appellate counsel has filed a brief with this Court, stating that her review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.[6]

In compliance with *High v. State*,[7] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds

---

[2] We note that the record contains the trial court's certification, which states that this case "is not a plea-bargain case, and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2 (a)(2).

[3] *See Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *See* TEX. R. APP. P. 43.2(b).

[5] *See Anders*, 386 U.S. at 744.

[6] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[7] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[8]  More than an adequate period of time has passed, and appellant has not filed a pro se response.[9]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[10]  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[11]

In our review of the record, however, we note that there is a variation between the oral pronouncement of sentence and the written judgment.  The judgment states that the sentence is ten years' imprisonment and a $1,500 fine.  However, the sentence, as announced in open court, was as follows:

> [Court]: . . . I'm going to find you guilty of the offense of aggravated sexual assault as alleged in the indictment in this case, assess punishment at ten years['] confinement in the Institutional Division of the Texas Department of Criminal Justice.  No fine will be assessed in this particular matter, fine is not an issue.

When there is a variation between the oral pronouncement of sentence and the

---

[8] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[9] *See In re Schulman*, 252 S.W.3d at 409.

[10] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[11] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

written memorialization of the sentence, the oral pronouncement controls.[12]  Here, the record is clear that no fine was imposed.

When, as here, the court of appeals has the necessary data and evidence before it for reformation, an erroneous judgment may be reformed on appeal.[13]  We will reform the judgment to delete the $1,500 fine.  As reformed, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[14]  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[15]

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 25th day of August, 2009.

---

[12] *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

[13] *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

[14] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).

[15] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.